UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DEAN DURAN and KATHLEEN DURAN,

                Plaintiffs,

-vs-                                                  Case No.  6:05-cv-906-PCF-KRS

CITY OF SATELLITE BEACH, and TOWN OF
INDIALANTIC,

                Defendants.

_____

**ORDER**

This case comes before the Court on the Following:

1.      The Motion to Dismiss, or In the Alternative, Motion for a More Definite Statement and Memorandum of Law in Support of Motion to Dismiss, or In the Alternative, Motion for a More Definite Statement filed by Defendant City of Satellite Beach. (Doc. Nos. 4 & 5, filed on June 19, 2005).

2.      The Motion to Dismiss Plaintiffs' First Amended Complaint and Incorporated Memorandum of Law filed by Defendant Town of Indialantic.  (Doc. No. 10, filed on June 22, 2005).

**Background**

The following allegations are drawn from Plaintiffs' First Amended Complaint.  (Doc. No. 2, filed on June 16, 2005) (hereinafter "Complaint") .

On or about December 12 or 13 of 2000, Plaintiff Dean Duran ("Mr. Duran") was driving his car toward his home in Brevard County, Florida, when he was followed and eventually stopped

by several police officers who were employed by Defendants City of Satellite Beach and Town of Indialantic.  (*Id*. at ¶ 4-5).  Mr. Duran was ordered to exit the car by a police officer and, upon exiting his vehicle, noticed several officers employed by Defendants drawing their firearms against him.  One of the police officers warned "Don't move or we will shoot."  (*Id*. at ¶¶ 8, 10).  During and after this time, Mr. Duran alleges that officers employed by both Defendants assaulted and battered him by voluntarily using excessive and unnecessary force against him, including violently twisting his fingers.  (*Id*. at ¶ ¶ 9, 11).  Mr. Duran further alleges that one officer shouted a racial epithet at him, and that some of this alleged unprovoked excessive force was used on him after he was prone and in handcuffs.  (*Id*. at ¶ 9).  As a result of this incident, Mr. Duran alleges that he has suffered serious and permanent physical and mental injuries.  (*Id*. at ¶ 11).

Plaintiff Kathleen Duran ("Mrs. Duran") states that she witnessed the above incident from her home and exited the home reasonably believing that her husband, Mr. Duran, was "in harm."  (*Id*. at ¶ 12).  After exiting her home within minutes of the original traffic stop, Mrs. Duran alleges a police officer assaulted and battered her by running toward her, grabbing her arms, and slamming her against a police cruiser with excessive and unnecessary force.  (*Id*. at ¶ 13).  Mrs. Duran further alleges that she has suffered serious and permanent physical and mental injuries as a result of the use of such excessive force.  (*Id*.)

Mr. Duran states that Defendants' officers allegedly stopped his vehicle believing he was an escaped prisoner from California but that Defendants should have known he was not the escaped prisoner due to several encounters he has had with officers employed by Defendants in the past.  (*Id*. at ¶¶ 15-18).  Plaintiffs both further allege that the acts and omissions of Defendants' officers were either done pursuant to a custom or policy formed by Defendants or alternatively were committed

due to lack of a proper custom or policy adopted by Defendants. (*Id*. at ¶ 19). Plaintiffs allege that the conduct of the police officers, who were the agents of Defendants, amounted to assault, battery, false imprisonment, negligence, and a violation of Plaintiffs' civil rights pursuant to 42 U.S.C. § 1983. (*Id*. at pp. 8-22).

Both Defendant City of Satellite Beach and Defendant Town of Indialantic have filed Motions to Dismiss in this case. (*See* Docs. 4, 5, 10). First, both Defendants argue generally that the Complaint fails to comply with Federal Rules of Civil Procedure 8 and 10(b) by commingling claims and failing to include a short, plain statement of claims. (*See* Doc. 5 pp. 4-7; Doc. 10 pp. 5-7). Secondly, Defendants argue that the existence of reasonable suspicion, probable cause, and a warrant for the escaped prisoner from California serve to negate Plaintiffs' state law claims of assault, battery, and false imprisonment. (*See* Doc. 5 at pp. 8-12; Doc. 10 at pp. 7-9). Next, both Defendants argue that Plaintiffs' negligence claims must be dismissed because police officers have no duty to individuals in the context alleged by Plaintiffs. (*See* Doc. 5 at 15-17; Doc. 10 at 9-11). In addition, both Defendants argue that Plaintiffs' 42 U.S.C. § 1983 claims must fail due to the restriction of *respondeat superior* liability for municipalities by the Supreme Court in *Monell v. New York City Department of Social Services*[1] and its progeny. (*See* Doc. 5 at 13-15; Doc. 10 at 11-12). Finally, Defendant City of Satellite Beach also moves for a more definite statement, although it offers little to no argument or authority in support of the contention that a more definite statement is required. (Doc. 4 at p. 1; Doc. 5 at p. 1).

This Order analyzes Defendants' Motions to Dismiss and Defendant City of Satellite Beach's Motion for More Definite Statement.

---

[1] 436 U.S. 658 (1978).

-3-

**Standard of Review**

For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1532, 1534 (11th Cir. 1994); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Furthermore, the Court must limit its consideration to the complaint and written instruments attached to it as exhibits. *Fed R. Civ. P.* 10(c); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Defendant City of Satellite Beach also moves for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. (Doc. 7 at ¶ 5-6). Courts disfavor motions for more definite statement in light of the liberal pleading and discovery requirements of the Federal Rules of Civil Procedure. *See, e.g., Bazal v. Belford Trucking Co.*, 442 F.Supp. 1089, 1101 (S.D. Fla. 1977). The Court should not grant a Rule 12(e) motion unless the pleading in question is "so vague that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e); *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996).

Although copies of this motion were mailed to Plaintiffs' counsel on June 22, 2005, Plaintiffs have not filed a brief in opposition as required under Local Rule 3.01(b). Failure to oppose such motion to dismiss raises an inference that there is no objection to such motion. *See* Local Rule 3.01(b); (Doc. No. 25, filed on July 28, 2005, Sec. II-E) ("Where no memorandum in opposition has been filed, the Court routinely grants the motion as unopposed").

**Analysis**

**42 U.S.C. § 1983**

Where, as here, a section 1983 plaintiff alleges a civil rights violation by government employees – such as police officers – acting in their official capacities, the suit is in actuality against the governmental entity that the individual defendants represent. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985). While a municipality generally cannot be held directly responsible for the actions of its agents under a theory of *respondeat superior*, *see Monell v. Dept. of Soc. Serv. of the City of New York*,   436 U.S. 658, 98 S.Ct. 2018 (1978), governmental entities may be held liable under section 1983 when a governmental "policy or custom" is the "moving force" behind the constitutional deprivation. *Graham*, 473 U.S. at 166; *Monell*, 436 U.S. at 694. Under certain circumstances, a police department's failure to adequately train its officers may constitute a "policy" giving rise to governmental liability. *See Canton v. Harris*, 489 U.S. 378, 109 S.Ct. 1197   (1989) (inadequacy of police training regarding administration of medical care to person in police custody may serve as basis of section 1983 liability where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact).

In the instant case, taking the allegations as true and construing them in the light most favorable to Plaintiffs, it is clear that Plaintiffs have sufficiently alleged that their injuries were a result of a "policy or custom," or lack of such policy, of Defendants. Both Plaintiffs have alleged that their Fourth and Fourteenth Amendment rights were violated by police officers employed by Defendants and that such officers were acting under color of law, pursuant to an official custom or policy, or a recklessly omitted lack thereof, regarding investigating escaped prisoners. (Doc. 2 at

¶¶ 69-71, 80-81).  Such allegations are sufficient to state a claim against a municipality for a violation of section 1983.  *See Farred v. Hicks*, 915 F.2d 1530, 1533 (11th Cir. 1990) (holding complaint which stated solely that a city police department failed to effectively train an officer not to unlawfully detain a person without probable cause was sufficient to survive a 12(b)(6) motion). For these reasons, Defendants' Motions to Dismiss Counts 7 and 8 of the Complaint are denied.

Defendant City of Satellite Beach also argues that the Plaintiffs' Section 1983 claims should be dismissed because they state a claim under both the Fourth and Fourteenth Amendments to the United States Constitution, and that Plaintiffs' claims can only be "properly evaluated" under the Fourth Amendment.  Such claim by Plaintiffs, however, falls easily within the liberal alternative pleading requirements allowed by Federal Rule of Civil Procedure 8.  Therefore, Defendant's contention that at this stage, Plaintiffs' claims of a Fourteenth Amendment violation must be dismissed with prejudice is also denied..

## Assault and Battery

Plaintiffs also allege several pendent state law tort violations which Defendants have moved to dismiss for failure to state a claim.  Under Florida law, battery consists of (1) an act intended to cause a harmful or offensive contact to another person and (2) as a direct or indirect result of such action, an offensive contact with another person.  *See Geidel v. City of Bradenton Beach*, 56 F.Supp. 1359, 1367 (M.D. Fla. 1999) (citing *City of Miami v. Sanders*, 672 So. 2d 46, 47 (Fla. Ct. App. 1996).  An assault consists of an intentional, unlawful offer of corporal injury to another by force, or an exertion of force directed toward another under such circumstances as to create a reasonable fear of imminent peril. *See Lay v. Kremer*, 411 So.2d 1347 (Fla. Ct. App. 1982).

In the instant case, Plaintiffs have both alleged that the force used against them by both of Defendants' respective agents were unprovoked acts that (1) provided Plaintiffs with a "well founded fear" that they "would be subject to a battery" and that such force (2) amounted to non-consensual physical contact which amounted to a battery and caused injury. (*See* Doc. 2 at ¶¶ 24-25, 27, 31-32, 34).  Such allegations are clearly sufficient to allege assault and battery.

Defendant Town of Indialantic raises several other arguments, namely (a) that the level of force used was insufficiently excessive to amount to excessive force in a law enforcement setting, and (b) that there is insufficient evidence to show that an Indialantic officer actually took part in the assaulting and battering of Plaintiffs.  It would be improper to entertain such arguments at this stage in the proceedings, where the Court must limit itself to the well-pleaded allegations of the complaint, consider such allegations as true, and accept all reasonable inferences that can be drawn from them. *Jackson,* 21 F.3d 1532, 1534 (11th Cir. 1994); *Scheuer*, 416 U.S. at 236 (1974).  For these reasons, Defendants' Motions to Dismiss Counts I and II of the Complaint are denied.

### False Imprisonment

In Florida, false imprisonment is "the unlawful restraint of a person against his will, the gist of which action is the unlawful detention of the plaintiff and deprivation of his liberty." *Geidel*, 56 F.Supp. at 1367 (quoting *Johnson v. Weiner*, 19 So. 2d 699 (Fla. 1944).  In the instant case, both Plaintiffs have alleged that they were unreasonably detained and deprived of their liberty against their will by both Defendants' agents, and that the basis for such detentions lacked foundation and/or probable cause.  (Doc. 2 at ¶¶ 37-37, 43-44).  Under Florida law, such allegations are clearly sufficient to state a cause of action for false imprisonment.

Defendants raise the additional argument that the detention of Plaintiffs actually was supported by probable cause.  Once again, it would be improper to entertain such arguments at the motion to dismiss stage, where the Court must limit itself to the well-pleaded allegations of the complaint, consider them as true, and accept all reasonable inferences that can be drawn from them. *Jackson,* 21 F.3d 1532, 1534 (11th Cir. 1994); *Scheuer,* 416 U.S. at 236 (1974).  For these reasons, Defendants' Motions to Dismiss Counts III and IV of Plaintiffs' Complaint are denied.

## Negligence

In Florida, negligence consists of a duty of care owed by the defendant to the plaintiff, a breach of that duty, proof that the breach was the cause of an injury to the plaintiff, and proximately caused damages.  *See Eppler v. Tarmac America, Inc.*, 752 So. 2d 592, 594 (Fla. 2000).  Although there is no general duty of care owed to individuals by police officers acting in the law enforcement context, Florida law recognizes that the police owe a duty of care to individuals in certain discreet circumstances. *See Everton v. Willard*, 468 So. 2d 936, 938 (Fla. 1985).  For instance, while a private individual may not challenge a city's discretionary policy decision as to what material to include in a police training or instruction program, an individual may challenge the negligent implementation or operation of such a training program as it relates to officers alleged to have used excessive force on private individuals.  *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1266-67 (11th Cir. 2001).  In addition, while the police have no duty to enforce a general law for the benefit of particular individuals, the police clearly owe a duty of care to an individual taken into custody to take care not to cause him harm, due to the fact that the detained individual is deprived of his normal opportunity to protect himself.  *See Kaisner v. Kolb*, 543 So. 2d 732, 734-35 (Fla. 1989).

-8-

Furthermore, Florida takes a broad view of the term "custody," noting that "custody need not consist of the formal act of arrest, but can include any detention." *Id*. at 734.

In their Complaint, both Plaintiffs sufficiently state a cause of action for negligence under Florida law. Both Mr. and Mrs. Duran allege that Defendants owed them a duty of care and that they breached this duty by, *inter alia*, "negligently following procedures" and "negligently failing to train" their agents and/or employees. (Doc. 2 at ¶¶ 49-51, 56-58). They further allege that this breach of duty was the direct and proximate cause of injury to them. (*Id*. at ¶¶ 53, 60). Taking these allegations of Plaintiffs' Complaint as true, and accepting all reasonable inferences therefrom, the Plaintiffs have sufficiently stated in the Complaint that the cities, via their agents, were negligent at the implementation level with respect to official policy. For these reasons, the Defendants' Motions to Dismiss Counts V and VI of the Complaint are denied.

### Federal Rules of Civil Procedure 8(a) and 10(b)

Under Federal Rule of Civil Procedure 8(a), a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). Furthermore, all averments of a claim should be "made in numbered paragraphs, the contents of each which shall be limited as far as practicable to a statement of a single set of circumstances," and "[e]ach claim founded upon a separate transaction or occurrence...shall be stated in a separate count...whenever a separation facilitates the clear presentation of the matters set forth." Fed. R. Civ. P. 10(b). The requirements for pleading under the Federal Rules of Civil Procedure are not particularly onerous to plaintiffs. The Rules do not require a plaintiff to state every situation, condition and nuance that may be presented at trial. *Erickson v. Hunter*, 932 F.Supp. 1380, 1385 (M.D. Fla. 1996).

In the instant case, it is clear that the allegations of the Complaint are sufficient enough to satisfy the low hurdle established by the Federal Rules of Civil Procedure.  Although both Plaintiffs are guilty of alleging assault and battery in a single count and alleging claims against both Defendants in a single count (*See, e.g.*, Doc. 2 at pp. 8, 10), the Complaint is not a "shotgun pleading" where it is "virtually impossible to ascertain which defendant committed which alleged act."  *See Veltman v. Walpole Pharmacy, Inc.* 928 F.Supp. 1161, 1163-64 (M.D. Fla. 1996). Furthermore,  under the Federal Rules of Civil Procedure, "when multiple defendants are named in a complaint, the allegations can and usually are to be read in such a way that each defendant is having the allegation made about him individually." *Crowe v. Coleman*, 113 F.3d 1536, 1539 (11th Cir. 1997).  For these reasons, the Defendants' Motions to Dismiss the Complaint based on Federal Rules of Civil Procedure 8(a) and 10(b) are denied.

### Motion for More Definite Statement

Defendant City of Satellite Beach also moves for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, although there is no supporting argument in their Memorandum of Law which states the grounds for such motion.  Motions for more definite statement are disfavored under the Federal Rules of Civil Procedure; discovery is the correct vehicle to obtain information necessary for trial. *Erickson*, 932 F.Supp. at 1384.  Regardless of the lack of argument in Defendant's Motion, the Court finds that Plaintiffs' Complaint is sufficiently specific to place Defendant on notice of the claims and, in naming both the City of Satellite Beach and the Town of Indialantic as Defendants, fits comfortably within the bounds of alternative pleading permitted by the Federal Rules.  *See*  Fed. R. Civ. P. 8(e)(2).  The Complaint is not so

vague and ambiguous as to deprive Defendant of fair notice of the nature and basis of Plaintiff's claim.  Therefore, the Motion for More Definite Statement is denied.

### Conclusion

Based on the foregoing, the Motion to Dismiss, or In the Alternative, Motion for More Definite Statement filed by Defendant City of Satellite Beach (Doc. No. 4) is hereby **DENIED**. The Motion to Dismiss Plaintiffs' First Amended Complaint filed by Defendant Town of Indialantic (Doc. No. 10) is also **DENIED**.  Defendants shall answer the Complaint within ten (10) days from the date of this Order.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on September __2____ 2005.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record