# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DEAN A. DURAN, KATHLEEN R. DURAN,

                      **Plaintiff,**

-vs-                                                          Case No. 6:05-cv-906-Orl-19KRS

CITY OF SATELLITE BEACH, TOWN OF INDIALANTIC,

                      **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT TOWN OF INDIALANTIC'S MOTION TO DISMISS PURSUANT TO RULE 41(B) (Doc. No. 39)** |
| **FILED:** | November 14, 2005 |

**THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

| | |
|---|---|
| **MOTION:** | **DEFENDANT, THE CITY OF SATELLITE BEACH'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 41(b) (Doc. No. 40)** |
| **FILED:** | November 23, 2005 |

**THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

In May 2005, Dean Duran and Kathleen Duran filed an amended complaint against City of Satellite Beach and Town of Indialantic (collectively "the defendants"), in the Circuit Court of the Eighteenth Judicial Circuit, in and for Brevard County, Florida. Doc. No. 2. In their amended complaint, the plaintiffs assert claims against the defendants for the following: (1) assault and battery; (2) unlawful detention/false imprisonment; (3) negligence; and (4) violation of 42 U.S.C. § 1983. *Id*. On June 16, 2005, this matter was removed to federal court. Doc. No. 1.

Thereafter, the defendants filed separate motions to dismiss (doc. nos. 4, 10), both of which were denied on the merits. Doc. No. 27. The plaintiffs did not respond to either of these motions.

On October 6, 2005, Town of Indialantic filed several motions to compel related to certain discovery requests. Doc. Nos. 30-33. The plaintiffs did not respond to the motions to compel, and I granted some of the motions as unopposed. Doc. No. 37. In sum, I ordered the plaintiffs to serve supplemental answers to certain interrogatories propounded by Town of Indialantic, and I ordered Dean Duran to respond to certain requests for production. *Id*. at 3. The deadline for the plaintiffs to comply with this Order was November 1, 2005. *Id*.

On October 21, 2005, the presiding District Judge, the Honorable Patricia C. Fawsett, ordered counsel for the plaintiff, Ali M. Kirk, Esq., to file a report concerning the scheduling of mediation in this matter within ten days. Doc. No. 36. The plaintiffs failed to comply with this Order and on November 14, 2005, Judge Fawsett ordered the plaintiffs to show cause as to why they had failed to schedule mediation per her directive. Doc. No. 38.

Thereafter, the defendants filed separate motions to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), doc. nos. 39, 40, to which the plaintiffs responded, doc. nos. 52, 56.

On November 28, 2005, counsel for the plaintiffs filed a motion requesting an extension of time to respond to various pending motions and court imposed deadlines, in which he notified the Court that he was suffering from several health related problems that substantially affected his ability to prosecute this case. Doc. No. 42 at 2. Counsel also informed the Court that he was experiencing "technical problems with his computer and as a result, has had difficulty opening documents electronically filed and filing documents on behalf of the Plaintiffs." *Id*. The motion was denied on procedural grounds for failure to comply with Middle District of Florida Local Rule 3.01(g). Doc. No. 45.

Thereafter, Scott E. Siverson, Esq., entered an appearance and was substituted as counsel for the plaintiffs in this matter. Doc. Nos. 49, 54. The plaintiffs subsequently requested an extension of time to respond to Judge Fawsett's Order concerning the scheduling of mediation (doc. no. 36) and my Order concerning Town of Indialantic's discovery requests (doc. no. 37). Doc. No. 51. On December 6, 2005, the plaintiffs filed a Notice of Mediation. Doc. No. 55. On December 8, 2005, I extended the deadline for the plaintiffs to schedule mediation, *nunc pro tunc*, to December 6, 2005, and the deadline to comply with my Order concerning Town of Indialantic's discovery requests to December 9, 2005. Doc. No. 60. There is no showing that the plaintiffs failed to comply with my order by this extended deadline.

"Rule 41(b) authorizes a district court to dismiss a complaint for failure to prosecute or for failure to comply with a court order or the federal rules." *Gratton v. Great Am. Comm'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Nevertheless, dismissal for failure to prosecute is a harsh sanction which should only be applied as a last resort "when lesser sanctions would not suffice." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotation marks and citation omitted). "A finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minium, be based on evidence of willful delay; simply negligence does not warrant dismissal." *McKelvey v. AT & T Technologies, Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986).

As indicated above, the plaintiffs' dilatory conduct in this matter appears to stem, in part, from health related problems concerning Mr. Kirk, their former attorney. The plaintiffs have since obtained new counsel, who requested an extension of time to comply with pending deadlines related to Court orders. In addition, the plaintiffs recently scheduled mediation in this matter, and I granted them until December 9, 2005, to comply with my Order concerning Town of Indialantic's discovery requests. Doc. No. 55. Under these circumstances, I find that dismissal for failure to prosecute is not warranted at this point in the litigation. Nevertheless, the defendants may renew their motions to dismiss for failure to prosecute if the plaintiffs continue to disregard pending deadlines and/or orders entered by this Court.

**DONE** and **ORDERED** in Orlando, Florida on December 13, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties